(PKF)

# United States District Court
## District of Maryland

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (For Offenses Committed on or After November 1, 1987) |
| v. | |
| | Case Number: TMD-8-09-MJ-1311-001 |
| BRYAN E. KINARD | USM Number: NONE |
| | Defendant's Attorney: ANDREW CARTER |
| | |
| | Assistant U.S. Attorney: JANE NATHAN |

**THE DEFENDANT:**

☒ pleaded guilty to counts  1 and 2
☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| MTA 16-303 (c) | Driving With Suspended License | 1/27/09 | 1 |
| 18 USC Sec. 844 | Possession of Marijuana | 1/27/09 | 2 |

The defendant is adjudged guilty of the offense(s) listed above and sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by U.S. v. Booker, 125 S. Ct. 738 (2005).

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

May 27, 2009
Date of Imposition of Judgment

_(signed)_   5/29/09
THOMAS M. DIGIROLAMO                                    Date
UNITED STATES MAGISTRATE JUDGE

DEFENDANT:     BRYAN E. KINARD                           CASE NUMBER: TMD-8-09-MJ-1311-001

# PROBATION

The defendant is hereby placed on probation for a term of twelve months as to count one and a term of twelve months as to count two to run concurrent.

**A.  The defendant shall comply with all of the following conditions:**

1) The defendant shall not commit any federal, state or local crime.
2) In any felony case, the defendant shall not possess a firearm or ammunition as defined in 18 U.S.C. §921.
3) The defendant shall not illegally use or possess a controlled substance.
4) The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

5) Pursuant to Pub. Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, if applicable, the defendant shall cooperate in the collection of DNA while incarcerated in the Bureau of Prisons, or as directed by the probation officer.

6) If this judgment imposes any criminal or monetary penalty, including special assessment, fine, or restitution, it shall be a condition of probation that the defendant pay any such criminal monetary penalty in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

## B.  STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall notify the probation officer within 72 hours of being charged with any offense, including a traffic offense;
13) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendants's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 2.0₁ - Judgment in a Criminal Case with Probation — Judgment Page 3 of 5

**DEFENDANT:** BRYAN E. KINARD     **CASE NUMBER: TMD-8-09-MJ-1311-001**

## C. PROBATION
## ADDITIONAL CONDITIONS

**SUBSTANCE ABUSE**
- [X] The defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer.

**VICTIM IMPACT PROGRAM**
- [X] The defendant shall attend a victim impact program as directed by the probation officer.

**DRIVING RESTRICTIONS**
- [X] The defendant shall not operate a motor vehicle until properly licensed.

**DEFENDANT:** BRYAN E. KINARD

**CASE NUMBER:** TMD-8-09-MJ-1311-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Processing Fee |
|---|---|---|---|
| Totals: | $ 50.00 | $ 400.00 | $ 50.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . . . . . . . . . . $

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of    $

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court has determined that the defendant does not have the ability to pay a fine; therefore, a fine is waived.

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ The interest requirement is waived.

　　☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Amount of Restitution Ordered | Priority Order or Percentage Payment |
|---|---|---|

DEFENDANT:        BRYAN E. KINARD

CASE NUMBER: TMD-8-09-MJ-1311-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; and (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ In full immediately; or

B ☐ $_____ immediately, balance due (in accordance with C, D, or E); or

C ☐ Not later than _____; or

D ☐ Installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☒ **The Special Assessment, Processing Fee and Fine shall be paid** in equal monthly installments of $50.00 over a period of twelve months to commence July 1, 2009 and due on the 1st day of every month thereafter.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.

If the entire amount of criminal monetary penalties is not paid prior to the commencement of probation, the balance shall be paid:

☐ in equal monthly installments during the term of probation; or

☐ on a nominal payment schedule of $_____ per month during the term of probation.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:

☐ Joint and Several with:

☐ The defendant shall pay the following costs of prosecution and/or court costs:
☐ The defendant shall forfeit the defendant's interest in the following property to the United States: